IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| TFFI CORP., | |
| Plaintiff, | |
| v. | Civil Action No. 8:13-cv-01809-AW |
| WILBERT WILLIAMS *et al.*, | |
| Defendants. | |

## **MEMORANDUM OPINION**

The instant case sounds in breach of contract and fraud. The following motions are pending before the Court: (1) Defendant Wilbert Williams's Motion for Extension of Time to Answer; (2) Plaintiff's Motion for Clerk's Entry of Default; (3) Plaintiff's Motion for Default Judgment; (4) the Motion for Leave to Enter a Limited Appearance of attorneys Barry Coburn and Kimberly Jandrain; and (5) Plaintiff Wilbert Williams's Motion to Extend Hearing Date. The Court has carefully reviewed the record. Additionally, on November 15, 2013, the Court held a motions' hearing with respect to the aforesaid Motions. For the following reasons, the Court **DENIES** the Attorneys' Motion for Limited Appearance, **GRANTS IN PART** Williams's Motion for Extension of Time, **HOLDS IN ABEYANCE** the default-related Motions, and **DENIES AS MOOT** Williams's Motion to Extend Hearing Date.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On June 20, 2013, Plaintiff TFFI Corp. d/b/a Top Funding, Inc. filed a Complaint. Plaintiff generally alleges that it entered into a "factoring agreement" with Defendants by which

1

Plaintiff agreed to make Defendants installment payments in exchange for the right to the (presumably greater) payments that government agency HUD supposedly owed Defendants. Plaintiff further alleges that the payments that HUD supposedly owed Defendants were based on bogus invoices.

Based on these essential allegations, Plaintiff filed its Complaint on June 20, 2013. Doc. No. 1. The Complaint contains causes of action for breach of contract, fraud, civil conspiracy, and RICO violations.

Plaintiff filed returns of service for all Defendants. Defendant Wilbert Williams (Williams)'s answer was due by August 13, 2013. Doc. No. 5. Defendant Alpha Technology Systems, Inc. (Alpha)'s answer was due on the same date. Doc. No. 6. Defendant Williams Global Holdings, LLC (Global)'s answer was also due on August 13, 2013. Doc. No. 7. Plaintiff alleges that Williams is the resident agent and controlling corporate officer of Alpha. Similarly, Plaintiff alleges that Williams is the principal officer of Global. The Court refers to Williams, Alpha, and Global collectively as "the Williams Defendants." For his part, Defendant Kamran Jones's answer was due on August 14, 2013. Doc. No. 8. Jones is represented by counsel and has since answered. Doc. Nos. 17, 20.

The story is more complicated for the Williams Defendants. The Williams Defendants did not answer by August 13, 2013. Therefore, on August 16, 2013, the Court issued a Show Cause Order directing Plaintiff to show cause why motions for clerk's entry of default and default judgment should not be filed. Doc. No. 10. On August 19, 2013, proceeding pro se, Williams filed a Motion for Extension of Time. Doc. No. 11. Purporting to speak for the Williams Defendants, Williams asked the Court to give the Williams Defendants until November 30, 2013 to answer. Plaintiff opposed this Motion on the following grounds: (1) Williams failed

to articulate a reason for his failure to file a timely answer; (2) Alpha and Global, as corporate entities, cannot proceed pro se in federal court; and (3) an extension until November 30, 2013 is too long. Doc. No. 12. Thereafter, Plaintiff filed a Motion for Clerk's Entry of Default and a Motion for Default Judgment against the Williams Defendants. Doc. Nos. 13–14.

On August 29, 2013, attorneys Barry Coburn and Kimberly Jandrain (the Attorneys) filed a Motion for Leave to Enter a Limited Appearance on Behalf of Defendants (Motion for Limited Appearance). Doc. No. 18. The Attorneys assert that the HUD Inspector General has commenced an investigation into the facts underlying the Complaint and presume that the investigation may lead to criminal charges against Williams. Therefore, the Attorneys assert that requiring Williams to participate in this case would likely infringe his Fifth Amendment rights. Thus, the Attorneys seek to enter a limited appearance to file a motion to stay the proceedings pending the HUD investigation. Although the Attorneys assert that only Williams may be subject to criminal prosecution, they seek leave to represent Alpha and Global as well. Doc. No. 18-1 at 1. Attorney Coburn stated at the hearing that the Attorneys could enter only a limited appearance because of "money." *See id.*

On August 29, 2013, Plaintiff filed an Opposition. Doc. No. 19. Plaintiff generally argues that the Motion for Limited Appearance speculates that the current investigation could lead to criminal charges. Plaintiff notes that the Attorneys did not support their Motion with affidavits or any other corroborating evidence. Plaintiff also argues that it would be improvident to grant the Motion because, upon the Attorneys' withdrawal from the case, Alpha and Global would be left without counsel and corporate entities cannot proceed in federal court without counsel.

The Attorneys filed their Reply on September 6, 2013. Doc. No. 21. The Attorneys basically state that they do not need to provide an affidavit or other evidence to substantiate their

contentions as they would do so in the motion to stay. For their part, the Williams Defendants filed an Opposition to Plaintiff's Motion for Clerk's Entry of Default. Doc. No. 21. The reasoning of this document mirrors the reasoning of the Attorneys' filings.

On November 12, 2013, Williams filed a document captioned "Motion for Extension of Time," which the Court has dubbed Motion to Extend Hearing Date. Doc. No. 24. In this Motion, Plaintiff asks the Court to postpone the hearing for thirty days so that he can continue his "work to ascertain critical documents from [HUD] in order to properly prepare for the [hearing]." *Id.* ¶ 4. Williams did not file this Motion in time for it ripen before the hearing. Nor did he accompany it with a motion to shorten the briefing schedule.

## II.     LEGAL ANALYSIS

### A.     **Motion for Limited Appearance**

Generally speaking, an "appearance" is "[a] coming into court as a party or interested person, or as a lawyer on behalf of a party or interested person . . . ." Black's Law Dictionary 113 (9th ed. 2009). Appearances come in several types, two of which are relevant here. A "general appearance" is "[a] general-purpose appearance that waives a party's ability later to dispute the court's authority to enter a binding judgment against him or her." Black's Law Dictionary 114 (9th ed. 2009). By contrast, a "special appearance," or "limited appearance," has traditionally been defined as "[a] defendant's showing up in court for the sole purpose of contesting the court's assertion of personal jurisdiction over the defendant." Black's Law Dictionary 114 (9th ed. 2009). The traditional special appearance has been abolished in federal court due to the promulgation of the Federal Rules of Civil Procedure. *See generally* Fed. R. Civ. P. 12(b); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1344 (3d ed. 2004).

Nevertheless, the nomenclature "special appearance" lives on inasmuch as it has evolved to encompass the general situation in which an attorney comes into court on a temporary basis and/or for a limited purpose. For instance, in the criminal context, trial courts may appoint standby counsel to aid criminal defendants who represent themselves. *See, e.g.*, *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (citation omitted). The Supreme Court has characterized standby counsel's limited representation of a pro se defendant as a "special appearance[]." *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *see also United States v. Martin-Trigona*, 684 F.2d 485, 491 n.7 (7th Cir. 1982) (stating that "an attorney may make a limited appearance" to represent a criminal defendant). Likewise, in the civil context, at least one state court of last resort has held that "the trial court has the discretionary authority to permit counsel, retained by a pro se litigant, to appear in a short-lived capacity and for a particular purpose . . . ." *Urciolo v. Urciolo*, 449 A.2d 287, 290 (D.C. 1982), *overruled on other grounds by In re Estate of Chuong*, 623 A.2d 1154 (D.C. 1993); *see also United States v. Ligas*, 549 F.3d 497, 503–04 (7th Cir. 2008) (holding that party did not waive service of process objection where he "consistently maintained his objection to personal jurisdiction and only entered limited appearances for that purpose"). In both the criminal and civil context, courts are clear that the decision whether to allow counsel to enter a limited appearance on behalf of a pro se litigant is within the trial court's sound discretion. *United States v. Gellis*, Nos. 89-5025, 89-5084, 1990 WL 139341, at *6 (4th Cir. Sep. 25, 1990) ("Just as the appointment of standby counsel is solely within the discretion of the district court, the subsequent extent of standby counsel's participation is also a matter of discretion."); *United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987) (citing cases) ("[W]hether to allow a defendant to participate in his own defense along with counsel in 'hybrid representation' is a matter committed to the sound discretion of the trial

court."); *Urciolo*, 449 A.2d at 290. This rule fits with the broad discretion trial courts enjoy in other matters concerning the appointment or withdrawal of counsel. *See, e.g.*, *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir.1994) (holding that the decision whether to allow substitute counsel in a criminal case rests in the trial court's sound discretion); *Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d 1134, 1143 (4th Cir. 1990) (citing cases) (the decision whether to grant or deny counsel's motion to withdraw in a civil case "lies within the sound discretion of the trial judge"); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 n.5 (4th Cir. 1985) (citation omitted) ("[The] appointment of counsel in pro se cases is a matter for the discretion of the district court.").

It is well-settled that corporations may not proceed pro se in federal court. The Supreme Court has observed that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citing cases). The Local Rules for the District of Maryland conform to this longstanding rule. Local Rule 101.1(a) provides that "[a]ll parties other than individuals must be represented by counsel." Likewise, Rule 101.2(b) provides that the appearance of counsel representing a corporation may be withdrawn only if counsel notifies the corporation that "it must have new counsel enter an appearance or be subject to . . . default judgment on claims against it."

Here, in the exercise of its sound discretion, the Court denies the Attorneys' Motion for Limited Appearance. The vague rationale that monetary considerations preclude the Attorneys from entering a general appearance is unpersuasive. The Court takes this to mean that, in the Attorneys' view, the Williams Defendants have enough resources to pay only for the Attorneys to move to stay. But if the Court granted the motion to stay, the litigation would, at least as to

Williams, cease. In this scenario, Williams presumably would not owe the Attorneys any more money than he would if they filed only a motion to stay. Thus, the monetary justification is unconvincing.

The prospect that the motion to stay will unleash related motions also gives the Court pause. The Attorneys make it seem like granting their Motion for Limited Appearance will result in only a contained round of briefing on the motion to stay. But the filing of a motion frequently leads to the filing of various related motions. The Attorneys give no clear indication that they would address any ancillary motions or that they would do so with the requisite degree of vigor.

The prospect of leaving Alpha and Global without representation also counsels against allowing the Attorneys to limitedly appear. Alpha and Global must have counsel to continue in this case. If the Court granted the Motion for Limited Appearance, Alpha and Global would have counsel momentarily, only to be left without counsel. This outcome would occur whether the Court granted or denied the Motion. If the Court denied the Motion, the Williams Defendants would have to proceed in the case. Even if the Court granted the Motion, the stayed case would be subject to reopening for good cause shown. Absent a more particularized showing of the Attorneys' plans, it makes little sense to allow Alpha and Global to proceed under counsel for a short while only for them to land back in their original position.

The vague nature of counsel's Motion for Limited Appearance also factors against granting it. Although the Complaint's allegations raise the specter of criminal liability, the Attorneys have submitted no declarations or other evidence substantiating their assertion that the putative HUD investigation may result in criminal charges against Williams. Nor did such evidence surface at the hearing. Granted, the Attorneys intimate that they will provide such evidence if the Court allows them to enter a limited appearance. However, the Attorneys have

failed to explain why they could not have submitted such evidence in connection with their Motion for Limited Appearance or at the hearing.

Theoretically, denying the Motion for Limited Appearance could portend to compromise Williams's Fifth Amendment rights. But this potentiality is neither sufficiently near nor clear to grant the Motion. Both the Attorneys and Williams have asked the Court to allow the Attorneys to enter a special appearance. Presumably, then, Williams has at least some resources and may be able to acquire other (presumably more affordable) counsel. Furthermore, as corporate litigants, Alpha and Global arguably should have foreseen the risk of litigation. In the final analysis, the Court need not sort out all these considerations. It suffices to say that, based on the Parties' arguments and evidence, neither the Attorneys nor Williams has adequately shown that denying the Motion for Limited Appearance would offend Williams's Fifth Amendment rights or that counsel is otherwise unavailable. Accordingly, the Court denies the Motion for Limited Appearance.

**B.     Motion for Extension of Time**

The Williams Defendants have asked the Court to give them until November 30, 2013 to answer. In light of this case's developments, the Court will grant this request in part. Granted, this date falls approximately 3.5 months after the deadline for answering. However, the Attorneys filed their Motion for Limited Appearance, which the Court resolved against them. Williams deserves a measure of time to decide how he plans to proceed in light of the Court's decision. The Court believes that about a month suffices for this purpose. This amount of time is in line with some of the Court's past rulings in apposite cases. For these reasons, the Court grants in part the Williams Defendants' Motion for Extension of Time and gives them until December 19, 2013 to answer or otherwise respond. The Court reminds Williams that Alpha and Global

must obtain counsel to go forward in this case. If they fail to do so, they may incur default judgment on Plaintiff's claims against them.

**C.    Default-Related Motions**

As the Court has granted the Williams Defendants' Motion for Extension of Time, it will hold in abeyance Plaintiff's Motion for Clerk's Entry of Default and Motion for Default Judgment.

**D.    Motion to Extend**

Williams's Motion to Extend is moot in light of today's hearing.

**E.    Other**

Defendant Jones has answered. However, the Court will refrain from issuing a Scheduling Order because the Williams Defendants have yet to answer or otherwise respond.

**III.    CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Attorneys' Motion for Limited Appearance, **GRANTS IN PART** Williams's Motion for Extension of Time, and **HOLDS IN ABEYANCE** the default-related Motions, and **DENIES AS MOOT** the Motion to Extend. A separate Order follows.

| November 15, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |