IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TFFI CORP. D/B/A TOP FUNDING, INC. | : | |
| v. | : | Civil Action No. DKC 13-1809 |
| WILBERT WILLIAMS, ET AL. | : | |
| | : | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff TFFI Corp., commenced this action on June 21, 2013, by filing a complaint against Defendants Wilbert Williams, Alpha Technology Systems, Inc. ("ATS"), Williams Global Holdings, LLC ("Williams Global"), and Kamran Jones. (ECF No. 1). Defendant Jones responded by filing an answer denying all alleged wrongful acts. (ECF No. 20). Defendant Williams filed an answer invoking the Fifth Amendment and declining to respond to the allegations. (ECF No. 37). On January 24, 2014, the court entered a scheduling order, establishing a July 8, 2014 deadline for filing dispositive pretrial motions. (ECF No. 39). Due to the anticipated release of a related report by the Inspector General of the U.S. Department of Housing and Urban Development ("OIG Report"), the court, on multiple occasions, modified the scheduling order, extending the time allowed for filing of dispositive motions. The most recent order was entered on June 5, 2015 and stated that dispositive motions

would be due 30 days after the court adjudicates Plaintiff's then-anticipated motion for leave to amend.  (ECF No. 75).

Plaintiff, after receiving the OIG Report, moved for leave to amend its complaint on June 21, 2015. (ECF No. 76). Plaintiff's request seeks to remove Defendant Jones as a party to the case.  Plaintiff also seeks to modify its complaint to clarify that ATS and Williams Global are "persons" for the sake of Plaintiff's alleged civil conspiracy charge under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Rule 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days after serving it; or 21 days after service of a responsive pleading; or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).  This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).  The court should deny leave to amend only when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."

*Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal citation and quotation marks omitted); *Keller v. Prince George's Cnty.*, 923 F.2d 30, 33 (4th Cir. 1991) (upholding district court order denying plaintiff leave to amend his complaint to include claims that were barred by the applicable statute of limitations because such amendment would be futile). "An amendment is futile when the proposed amendment is clearly insufficient or frivolous on its face, or if the amended claim would still fail to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *El-Amin v. Blom*, No. CCB-11-3424, 2012 WL 2604213, at *11 (D.Md. July 5, 2012) (internal citations and quotation marks omitted).

Here, Defendant Williams consents to the removal of Defendant Jones from the action. (ECF No. 77 ¶ 2). Defendant Williams objects to Plaintiff's other proposed changes to the complaint. Defendant argues that the proposed amended complaint is futile because removing Mr. Jones from the action eliminates the RICO charge. (*Id.* ¶ 3). Plaintiff counters that the alleged RICO violation is still plausible because Plaintiff is asserting that Defendant Williams and the two Defendant corporations are sufficient to allege an "enterprise" for RICO purposes. *See Cedric Kushner Promotions, Ltd v. King*, 533 U.S. 158, 160 (2001) (allowing a RICO case where the alleged

conspiracy was between an individual who was president and sole shareholder of a company and the company itself).

Plaintiff has met its burden for leave to amend its complaint. Defendant Williams consents to the removal of Mr. Jones as a defendant. Plaintiff makes the other changes to the complaint in response to new information from the OIG Report, information that was previously not known due to Defendants' allegedly fraudulent actions. Plaintiff's motion for leave to amend is not made in bad faith; it is made in order to adjust to newly discovered information. Plaintiff continually updated Defendants and the court about the need for the OIG Report and timely filed its motion after receiving and reviewing the OIG Report. The amended complaint is not prejudicial to Defendants, as it asserts essentially the same allegations and facts. Finally, the amended complaint is not futile. Although the viability of Plaintiff's claims will be tested by the anticipated dispositive motions, Plaintiff's motion for leave to amend alleges enough plausible facts against the remaining defendants to not be futile.

Accordingly, it is this 20th day of August, 2015, by the United States District Court for the District of Maryland, ORDERED that:

1.  Plaintiff's motion for leave to file an amended complaint (ECF No. 76) BE, and the same hereby IS, GRANTED;

2.    The clerk is directed to detach and file Plaintiff's amended complaint, ECF No. 76-2; and

3.    The clerk is directed to transmit copies of the foregoing Memorandum Opinion and this Order to counsel for the parties.

                                      /s/
                            DEBORAH K. CHASANOW
                            United States District Judge