```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| TFFI CORP. D/B/A TOP FUNDING, INC. | : | |
| v. | : | Civil Action No. DKC 13-1809 |
| WILBERT WILLIAMS, ET AL. | : | |

**MEMORANDUM OPINION AND ORDER**

This action commenced on June 20, 2013 and closed on May 24, 2016 following a settlement. On June 9, 2016, Defendant Wilbert Williams ("Defendant") filed a motion requesting that the court temporarily seal the record for one year. (ECF No. 99). Defendant contends that "[t]hose counts of the [c]omplaint alleging fraud in this case have rendered it nearly impossible for [Defendant] to obtain employment." (*Id.* at 2). According to Defendant, Plaintiff's counsel consents to the request to seal temporarily. (*Id.*).

There is a well-established common law right to inspect and copy judicial records and documents. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). If competing interests outweigh the public's right of access, however, the court may, in its discretion, seal those documents from the public's view. Before ordering that any document be sealed, the court must undertake certain procedures to assure that all

relevant interests are considered. The relevant standard in this district is set forth by Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections. The Court will not rule upon the motion until at least 14 days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials.

Defendant's motion to seal contains no specific factual representations that would justify sealing, or an explanation as to why alternatives to sealing would not provide sufficient protections. Indeed, none of the original proceedings were filed under seal and this action has been a matter of public record for more than three years. While Defendant generally alleges that sealing is necessary to allow him to obtain employment, he does not state why more limited redactions or the sealing of select documents would not be as effective and more appropriate than sealing the entire record. Further, sealing this action would not remove any information that is already publicly available and has been for the past three years.

Accordingly, it is this 11th day of July, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's motion to seal the proceedings temporarily (ECF No. 99) BE, and the same hereby IS, DENIED;

2. The Clerk of Court is DIRECTED to mail a copy of this Order to counsel for the parties.

                                    /s/
                            DEBORAH K. CHASANOW
                            United States District Judge